IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TYRONE FLUKER, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 3: 16-cv-00017 |
| Petitioner, | ) | |
| | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| | ) | |
| JAMIE LUTHER and PENNSYLVANIA | ) | United States Magistrate Judge |
| BOARD OF PROBATION AND PAROLE, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondents. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

**I.     RECOMMENDATION**

Presently before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Tyrone Fluker ("Fluker" or "Petitioner") (ECF No. 5). In his petition, Fluker alleges that the Pennsylvania Board of Probation and Parole (the "Board") has unconstitutionally denied him parole. For the reasons that follow, it is recommended that the Petition be dismissed and a certificate of appealability be denied.

**II.     REPORT**

  **A.     Relevant and Procedural Background**

Fluker is a pro se inmate incarcerated at the State Correctional Institution – Laurel Highlands. (ECF No. 1). On January 4, 1996, Fluker was sentenced to a minimum of 2 years, 4 months to a maximum of 15 years of incarceration for committing the offense of burglary. (Affidavit of Kimberly Barkley, ECF No. 10-1, Attachment A, at ¶ 6). The original minimum and maximum dates for this sentence were May 3, 1998 and January 3, 2011, respectively. (*Id.* at ¶ 7). Fluker was released on parole to a retail theft state detainer on November 4, 2003. (Id. at ¶ 8). Fluker's state detainer sentence had a minimum date of September 16, 2003, and a

maximum date of March 16, 2007.  (*Id*. at ¶ 9).  On June 28, 2004, Fluker was released on parole to a Community Corrections Center.  (*Id*. at ¶ 10).

By decision recorded November 1, 2004, the Board recommitted Fluker to a State Correctional Institution as a technical parole violator to serve six months backtime for failing to successfully complete the halfway back program.  (*Id*. at ¶ 11).  By decision recorded April 14, 2005, the Board reparoled Fluker to a Community Corrections Center.  (*Id.* at ¶ 12). On December 28, 2006, the Board issued an Administrative Action declaring Fluker delinquent, effective December 27, 2006.  (*Id*. at ¶ 13).  By decision recorded February 1, 2007, the Board recommitted Fluker to a State Correctional Institution as a technical parole violator to serve six months backtime for failing to report as instructed.  (*Id*. at ¶ 14).

By a decision recorded February 11, 2008, the Board recommitted Fluker as a convicted parole violator to serve 30 months backtime for committing the offenses of kidnapping, simple assault, and escape while on parole.  (*Id*. at ¶ 15).  In that same decision, the Board recalculated Fluker's sentence to a maximum date of November 23, 2017.  (*Id*. at ¶ 16).  The Board released Fluker on parole on September 13, 2010 to his 5-12 year state kidnapping sentence, which has a minimum date of November 7, 2014 and a maximum date of November 7, 2021 (*Id*. at ¶ 17).

The Board denied Fluker parole / reparole by decision recorded August 22, 2014.  The Board informed Fluker:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that:  you are denied parole / reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory parole supervision history.

Reports, evaluations and assessments / level of risk indicates your risk to the community.

Your minimization / denial of the nature and circumstances of the offense(s) committed.

Your refusal to accept responsibility for the offense(s) committed.

Your lack of remorse for the offense(s) committed.

(ECF No. 10-1, Exh. 12).

The Board denied Fluker parole / reparole for a second time by decision recorded August 10, 2015. The Board informed Fluker:

Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole / reparole. The reasons for the Board's decision include the following:

Your risk and needs assessment indicating your level of risk to the community.

Your prior unsatisfactory parole supervision history.

Your minimization of the nature and circumstances of the offense(s) committed.

Your lack of remorse for the offense(s) committed.

(ECF No. 10-1, Exh. 13). The Board also informed Fluker that he would be reviewed in or after July 20, 2016, and the Board would consider whether he has maintained a favorable recommendation for parole from the Department of Corrections and whether he has maintained a clear conduct record. (*Id.*)

Following this denial, Fluker commenced the present action on January 8, 2016, pursuant to 28 U.S.C. § 2254 by filing a petition for writ of habeas corpus. Fluker claims that his procedural and substantive due process rights were violated by the Board's denials of parole for arbitrary and capricious reasons. (ECF No 1).

3

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Fluker is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer in which they argue that Fluker's claims are meritless. (ECF No. 10). The matter is ripe for disposition.

**B.    Discussion**

1. *Exhaustion*

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Fluker can challenge a parole denial based upon due process grounds, Fluker likely is exempt from the exhaustion requirement. *Defoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) Respondents, recognizing that *Defoy* is controlling precedent, do not challenge Fluker's failure to exhaust his claims in state court.  (ECF No. 10).

In any event, a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *Roman,* 675 F.3d at 209 (citing, *inter alia,* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition has no merit, this Court "need not address the issue of exhaustion in this case." *Id.*

The Court will now turn to the merits of Fluker's claims.

Due Process

Fluker contends that his denial of parole constitutes a violation of his due process rights. The Court agrees with Respondents and finds that this claim is without merit.

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Young cannot meet either criterion because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Bd. of Prob. & Parole,* 724 A.2d 319, 323 (Pa. 1999). *See also Newman v. Beard,* 617 F.3d 775, 783 (3d Cir. 2010). Because Fluker cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim.

Accordingly, the Board's decision(s) did not violate his right to procedural due process.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman,* 617 F.3d at 782. The United States Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.' " *Burkett,* 89 F.3d at 139 (citing *Perry v. Sindermann,* 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). *Id.* at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson*, 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id.* at 247–48. *See also Newman,* 617 F.3d at 782 ("Conduct can violate substantive due process if it

shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *Newman,* 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Fluker argues that the Board's repeated denial of parole is evidence of an arbitrary and capricious decision by the Board.[1] However, the record clearly reflects that the denial of parole in both instances was made after an interview, a review of his file, and on relevant facts, none of which individually or collectively can be said to be egregious. None of the cited reasons are based on constitutionally impermissible grounds, but are instead proper statutory grounds under the Pennsylvania Prisons and Parole Code. *See* 61 Pa.C.S.A. § 6135(a). *See also Wilson v. Pa. Board of Probation and Parole*, 942 A.2d 270 (Pa. Commw. Ct. 2008)(inmate who was not convicted of any sex offenses has no liberty interest in not being required to participate in sex offender programing). Although Fluker disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." This court should not second guess that determination. Accordingly, there can be no finding that Fluker in custody in violation of his substantive due process rights.

For all these reasons, the Court recommends that the petition for writ of habeas corpus be denied.

---

[1] Respondents argue that to the extent that Fluker is arguing the Board violated his constitutional rights by its parole refusal dated August 22, 2014, his claims have now been mooted by the Board's parole refusal decision dated August 10, 2015. The court interprets Fluker's argument to be that the totality of the two denials are evidence of the arbitrary and capricious nature of his second parole / reparole denial decision, which is the subject of this action.

**Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Fluker has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that a certificate of appealability not be issued.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                              s/ Cynthia Reed Eddy
                                              Cynthia Reed Eddy
                                              United States Magistrate Judge

Dated: May 26, 2016

cc: TYRONE FLUKER
JT-4578
SCI Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631
(via U.S. First Class Mail)

John C. Manning
PA Board of Probation and Parole
(via ECF electronic notification)